# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. AND OSAMA ABDULLATIF,<br><br>    Plaintiffs,<br><br>v.<br><br>ALI CHOUDHRI,<br><br>    Defendant. | Adv. Pro. No. 24-1003 |
| MOKARAM-LATIF WEST LOOP, LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>ALI CHOUDHRI AND ANGEL VALLE,<br><br>    Defendants,<br><br>v.<br><br>ALI MOKARAM,<br><br>    Intervenor. | Adv. Pro. No. 24-1004 |
| MOKARAM-LATIF WEST LOOP, LTD. AND OSAMA ABDULLATIF,<br><br>    Plaintiffs,<br><br>v.<br><br>ALI CHOUDHRI,<br><br>    Defendant. | Adv. Pro. No. 24-1005 |

1

| | |
|---|---|
| MOKARAM-LATIF WEST LOOP, LTD.,<br><br>    Plaintiff,<br><br>V.<br><br>ALI CHOUDHRI AND ANGEL VALLE,<br><br>    Defendants,<br><br>v.<br><br>ALI MOKARAM,<br><br>    Intervenor. | Adv. Pro. No. 24-1006 |

# ALI CHOUDHRI'S MOTION TO TRANSFER
# VENUE OF ADVERSARY PROCEEDINGS

Ali Choudri ("Choudhri" herein) files this Motion to Transfer Venue ("Motion") of the above-referenced Adversary Proceedings pursuant to 28 U.S.C. § 1412 and Rule 7087 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the United States Bankruptcy Court for the Western District of Texas (the "WDTX Bankruptcy Court"), to be heard in connection with that certain bankruptcy case pending as *In re Texas REIT, LLC,* Case No. 24-10120 (the "Texas REIT Bankruptcy Case") and states as follows:

The bases for the these "Adversary Proceedings" were originally commenced in the 333rd District Court, Harris County, Texas, Cause Nos. 2012-27197-A and 2012-27197-D[1] (the "State Court Actions"). (Voluminous pleadings have been ordered from the State Court and will be filed as

soon as possible).

1. Plaintiffs in the State Court Actions sought and obtained a final summary judgment order against Ali Choudari in the state court actions.

---
[1] Texas Reit LLC, Chaudri and Dalio 1 LLC were named as Defendants in the D case removed.

2. On February 6, 2024 ("Petition Date"), Texas REIT LLC filed its voluntary petition under Chapter 11 of the Bankruptcy Code in the WDTX Bankruptcy Court, which initiated the Texas REIT Bankruptcy Case.

3. On February 20, 2024, WCW filed its Motion to Annul Automatic Stay, or in the Alternative, Motion to Lift Automatic Stay (the "Stay Motion"), Docket No. 9 in the Texas REIT Bankruptcy Case, incorporated herein by reference.

4. In July of 2024, the WDTX Bankruptcy Court reinstated the Stay Motion.

5. The State Court Actions may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1334 and 1452(a), because the causes of action arise under Title 11, arise in or are related to a case under Title 11. This matter is a core proceeding pursuant to 28 U.S.C. § 157 including 157(b)(2)(K) ("determinations of the validity, extent, or priority of liens").

6. Under section 1412(a), "A district court may transfer a case or proceeding under title 11 to another district "in the interest of justice or for the convenience of the parties." This matter is a core proceeding pursuant to 28 U.S.C. § 157 including 157(b)(2)(K) ("determinations of the validity, extent, or priority of liens.") "On motion and after a hearing the court may transfer an adversary action or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2)." Fed. R. Bankr. 7087.

7. "A presumption exists that the district in which the underlying bankruptcy case is pending is the appropriate district for determination of an adversary proceeding." *Think3 Litigation Trust v. Zuccarello (In re Think3, Inc.),* 529 B.R. 147, 208 (Bankr. W.D. Tex. 2015). The party seeking to transfer venue can show that such transfer is warranted in the interest of

justice by showing that transfer will (a) benefit efficiency in estate administration, (b) be located in the "home" bankruptcy court, (c) promote judicial economy, (d) ensure fairness and a fair trial, (e) preserve the state's interest in having local controversies decided within its borders, and (f) plaintiff's choice of forum. *Id.* at 209.

8. The greater weight of these factors favors transfer to the WDTX Bankruptcy Court.

9. Transferring the State Court Action to the WDTX Bankruptcy Court will centralize proceedings related to the Texas REIT Bankruptcy Case and protect against inconsistent rulings, so that the first three factors weigh in favor of transfer. The WDTX Bankruptcy Court will provide the parties a fair trial, and the WDTX Bankruptcy Court is still within Texas, so that these two factors are, at worst, neutral. The plaintiffs commenced the State Court Actions in Harris County, Texas, and Choudari is requesting this transfer to the WDTX Bankruptcy Court.

10. In this Court, a state court proceeding may be removed directly to the Bankruptcy Court in the division where the state court action is pending, for transfer to the court where the bankruptcy matter is pending. *See In re North American Funding Corp.,* 64 B.R. 795 (Bankr. S.D. Tex. 1986).

11. Pursuant to Bankruptcy Rule 9027(a)(l) Choudari hereby consents to entry of final orders or judgement by the WDTX Bankruptcy Court.

12. Choudari also protests and opposes the request that the cases be remanded based on an emergency basis. Plaintiffs have not stated any facts constituting a genuine emergency.

Bases for Removal and Transfer

13. Osama Abdullatif, a Plaintiff in the State Court Case and a party seek remand,

filed a sworn Proof of Claim (#9)[2] in Bankruptcy Case #24-10120[3] incorporating by reference a pleading alleging alter ego of Choudari and multiple other parties and

---

[2]

### Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:
- ☑ I am the creditor.
- ☐ I am the creditor's attorney or authorized agent.
- ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/4/2024
                  MM / DD / YYYY

*/s/ Osama Latif*
Signature

Print the name of the person who is completing and signing this claim:

Name: Osama Abdullatif
       First name    Middle name    Last name

Title: Member

Company: Abdullatiff & Company LLC
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: _____
          Number   Street

          _____
          City    State   ZIP Code

Contact phone _____   Email _____

24-10120-smr Claim#9-1 Part 2 Filed 06/04/24 Attachment 1 Page 1 of 27

---

[3]

Fill in this information to identify the case:

Debtor 1: In re Reit, LLC
Debtor 2: _____ (Spouse, if filing)
United States Bankruptcy Court for the: _Western_ District of _Texas
Case number 24-10120

Official Form 410
### Proof of Claim                                               04/22

individuals.[4] While these allegations are vigorously disputed by Chaudri, Abdullatif's alter ego allegations in the Bankruptcy case are directly related to the State Court Actions, are core to the bankruptcy case and should be resolved by the WD Court to avoid inconsistent results and maintain judicial economy. Abdullatif's alter ego allegations raise fundamental questions about Choudhri's net worth, liabilities and the proper ownership of Choudhri's property, which are the fundamental issues in the State Court Actions.

14. Abdullatif availed himself of the Bankruptcy Court's jurisdiction and authority and should not be permitted "whipsaw" Choudari by claiming alter ego and reverse veil piercing on one hand and that debts are not properly Choudhri's to increase his net worth in the State Court Actions.

15. The removed proceedings sought to be transferred are related to another adversary proceeding, WCW Houston, LLC v. Texas REIT, LLC, et al, Adv Proc. No. 24-03136 and have common issues of alter ego and reverse veil piercing with that case which is being considered in the Western District – Austin Division in a few days. Public policy would compel consistent results of resolution of similar issues between similarly situated parties in the same bankruptcy court.

16. The Bankruptcy Debtor Texas REIT LLC is subject to claims of WCW Houston LLC

---

**Alter Ego (All Defendants).**

47.   Plaintiffs allege that the Choudhri Defendants are all alter egos of each other. The Choudhri Defendants have utilized their corporate fiction for an illegitimate purpose, meaning "actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory." TEX. BUS. ORG. CODE §§ 21.223(a)-(b). *SSP Partners v. Gladstrong Inv. (USA) Corp.*, 275 S.W.3d 444, 451-52 (Tex. 2007). Plaintiffs aver that various business entities, including the Choudhri Defendants, are alter egos of each other and being used to conceal assets and therefore are all liable for the full judgment amounts in Lawsuit 1, Lawsuit 2, and Lawsuit 3.

4

and Dalia I LLC. Choudari owns Texas REIT LLC and Dalia I LLC. The outcome of the alter ego dispute raised by Abdullatif in the bankruptcy case could determine which creditor has priority as to the first and second liens making these adverse proceedings core proceedings to this Bankruptcy.

17. WHEREFORE, Choudari requests that the United States Bankruptcy Court for the Southern District of Texas transfer this matter to the United States Bankruptcy Court for the Western District of Texas.

Dated July 31, 2024.

Respectfully submitted,

**/s/ Finis Cowan**
Texas Bar No. 04912100
One Greenway Plaza, Suite 100
Houston, Texas 77046
Telephone: 713-582-6066
Email: Finis@FinisCowan.com
Service: Service@TexasDebtDefense.com

### CERTIFICATE OF SERVICE

I certify that on July 31, 2024, I served the attached service list by PACER efiling.

*/s/ Finis Cowan*
Finis Cowan