# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. AND OSAMA ABDULLATIF, <br><br> Plaintiffs, <br><br> v. <br><br> ALI CHOUDHRI, <br><br> Defendant. | Adv. Pro. No. 24-1003 |
| MOKARAM-LATIF WEST LOOP, LTD., <br><br> Plaintiff, <br><br> v. <br><br> ALI CHOUDHRI AND ANGEL VALLE, <br><br> Defendants, <br><br> v. <br><br> ALI MOKARAM, <br><br> Intervenor. | Adv. Pro. No. 24-1004 |
| MOKARAM-LATIF WEST LOOP, LTD. AND OSAMA ABDULLATIF, <br><br> Plaintiffs, <br><br> v. <br><br> ALI CHOUDHRI, <br><br> Defendant. | Adv. Pro. No. 24-1005 |

1

| | |
|---|---|
| MOKARAM-LATIF WEST LOOP, LTD., <br><br>    Plaintiff, <br><br>V. <br><br>ALI CHOUDHRI AND ANGEL VALLE, <br><br>    Defendants, <br><br>v. <br><br>ALI MOKARAM, <br><br>    Intervenor. | Adv. Pro. No. 24-1006 |

**CHOUDHRI'S MOTION FOR LEAVE TO FILE THIS RESPONSE, RESPONSE AND CERTIFICATE OF OPPOSITION TO TO JOINT EMERGENCY MOTION FOR REMAND OR ABSTENTION, MOTION TO ABSTAIN AND SUPPLEMENT TO MOTION TO TRANSER**

Now comes Ali Choudri ("Choudhri" herein) who files this Motion for Leave to File this Response, Response and Certificate of his Opposition to the Motion for Remand or Abstention and request for emergency relief ("Motion") and Choudhri's Motion to Abstain from ruling on the Motion for Remand and Supplement to his Motion to Transfer. His undersigned counsel submits this response subject to and without waiving his pending motion to withdraw.

1. Choudri's undersigned counsel was unable to file this Response on August 19, 2024 because of unavoidable delays in obtaining proof needed to support this Response and to respond to Movants' Motion and two Supplements. .

2. Choudri, and the other defendants, do not agree that they are alter egos with anyone, but Plaintiffs are judicially estopped, presently by their Proof of Claim filed in the Western District of Texas Bankruptcy case #24-10120-smr In Re: Texas REIT LLC

2

(Exhibits 1-3 hereto), from taking a contrary position for themselves now. Choudri and all defendants deny Plaintiffs' allegations and litany of irrelevant attempts at character assassination and reserve the right to defend and contest those allegations which are not accurate, true, or legally sustainable.

3. Jurisdiction exists under 28 U.S.C. § 1441 and §1334, as to the Plaintiffs and Defendants named in the adversary referenced in the Proof of Claim, and now the removed action is a core proceeding "affecting . . . the adjustment of the debtor-creditor…relationship" in a bankruptcy.

4. The removal is timely, since it was accomplished within 30 days of the removing party first knowing of Plaintiff's Proof of Claim and claim to the Bankruptcy Court's jurisdiction over Choudhri. In July of 2024, the WDTX Bankruptcy Court reinstated the Stay Motion. (Exhibits 4-6 hereto)  Plaintiffs have made the case removable by filing the Proof of Claim asserting the alter ego allegations/claims in the Western District case, so the time limits under 28 U.S.C. § 1446(b)(1) were met.

5. Choudhri asks that this court abstain from making a decision on the Motion, considering the Proof of Claim giving rise to the need to remove the case to bankruptcy court, was filed in the Western District Bankruptcy Court.  This court, rather than ruling on the motion to remand, should abstain and grant Choudhri's motion to transfer the removed adversary proceedings to the Western District Bankruptcy Court and allow it to rule on the Motion to Remand.

6. Choudrhi has moved to transfer the above-referenced Adversary Proceedings pursuant to 28 U.S.C. § 1412 and Rule 7087 of the Federal Rules of Bankruptcy

3

Procedure (the "Bankruptcy Rules") to the United States Bankruptcy Court for the Western District of Texas (the "WDTX Bankruptcy Court"), to be heard in connection with that certain bankruptcy case pending as *In re Texas REIT, LLC,* Case No. 24- 10120 (the "Texas REIT Bankruptcy Case") and states as follows.

7. The bases for the these "Adversary Proceedings" were originally commenced in the 333rd District Court, Harris County, Texas, Cause Nos. 2012-27197-A and 2012-27197-D[1] (the "State Court Actions"). (Voluminous pleadings have been ordered from the State Court and will be filed as soon as possible).

8. Plaintiffs in the State Court Actions sought and obtained a final summary judgment order against Ali Choudari in the state court actions.

9. On February 6, 2024 ("Petition Date"), Texas REIT LLC filed its voluntary petition under Chapter 11 of the Bankruptcy Code in the WDTX Bankruptcy Court, which initiated the Texas REIT Bankruptcy Case.

10. On February 20, 2024, WCW filed its Motion to Annul Automatic Stay, or in the Alternative, Motion to Lift Automatic Stay (the "Stay Motion"), Docket No. 9 in the Texas REIT Bankruptcy Case, incorporated herein by reference.

11. The State Court Actions may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1334 and 1452(a), because the causes of action arise under Title 11, arise in or are related to a case under Title 11.  This matter is a core proceeding pursuant to 28 U.S.C. § 157 including 157(b)(2)(K) ("determinations of the validity, extent, or priority of liens").

---

[1] Texas Reit LLC, Chaudri and Dalio 1 LLC were named as Defendants in the D case removed.

12. Under section 1412(a), "A district court may transfer a case or proceeding under title 11 to another district "in the interest of justice or for the convenience of the parties." This matter is a core proceeding pursuant to 28 U.S.C. § 157 including 157(b)(2)(K) ("determinations of the validity, extent, or priority of liens.") "On motion and after a hearing the court may transfer an adversary action or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2)." Fed. R. Bankr. 7087.

13. "A presumption exists that the district in which the underlying bankruptcy case is pending is the appropriate district for determination of an adversary proceeding." *Think3 Litigation Trust v. Zuccarello (In re Think3, Inc.),* 529 B.R. 147, 208 (Bankr. W.D. Tex. 2015). The party seeking to transfer venue can show that such transfer is warranted in the interest of justice by showing that transfer will (a) benefit efficiency in estate administration, (b) be located in the "home" bankruptcy court, (c) promote judicial economy, (d) ensure fairness and a fair trial, (e) preserve the state's interest in having local controversies decided within its borders, and (f) plaintiff's choice of forum. *Id.* at 209.

14. The greater weight of these factors favors transfer to the WDTX Bankruptcy Court.

15. Transferring the State Court Action to the WDTX Bankruptcy Court will centralize proceedings related to the Texas REIT Bankruptcy Case and protect against inconsistent rulings, so that the first three factors weigh in favor of transfer. The

WDTX Bankruptcy Court will provide the parties a fair trial, and the WDTX Bankruptcy Court is still within Texas, so that these two factors are, at worst, neutral. The plaintiffs commenced the State Court Actions in Harris County, Texas, and Choudari is requesting this transfer to the WDTX Bankruptcy Court.

16. In this Court, a state court proceeding may be removed directly to the Bankruptcy Court in the division where the state court action is pending, for transfer to the court where the bankruptcy matter is pending. *See In re North American Funding Corp.,* 64 B.R. 795 (Bankr. S.D. Tex. 1986).

17. Pursuant to Bankruptcy Rule 9027(a)(l) Choudari hereby consents to entry of final orders or judgement by the WDTX Bankruptcy Court.

18. Choudari also protests and opposes the request that the cases be remanded based on an emergency basis. Plaintiffs have not stated any facts constituting a genuine emergency.

Bases for Abstention From Ruling on Motion to Remand and Transfer

19. Osama Abdullatif, a Plaintiff in the State Court Case and a party seeking remand,

6

filed a sworn Proof of Claim (#9) (Exhibits 1-2 hereto) [2] in Bankruptcy Case #24-10120[3] incorporating by reference a pleading alleging alter ego of Choudari and

---

[2]

**Part 3: Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:
- ☒ I am the creditor.
- ☐ I am the creditor's attorney or authorized agent.
- ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 06/4/2024

*Signature:* Osama Latif

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Osama | | Abdullatif |
| | First name | Middle name | Last name |
| Title | Member | | |
| Company | Abdullatiff & Company LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | | | |
| | Number  Street | | |
| | City | State | ZIP Code |
| Contact phone | | Email | |

24-10120-smr Claim#9-1 Part 2 Filed 06/04/24 Attachment 1 Page 1 of 27

[3]

**Fill in this information to identify the case:**

Debtor 1: In re Reit, LLC
Debtor 2 (Spouse, if filing):
United States Bankruptcy Court for the: _Western_ District of __Texas
Case number: 24-10120

Official Form 410
**Proof of Claim**                                                                                      04/22

7

multiple other parties and individuals.[4] (Exhibit 3). While these allegations are vigorously disputed by Chaudri, Abdullatif's alter ego allegations in the Bankruptcy case are directly related to the State Court Actions, are core to the bankruptcy case and should be resolved by the WD Court to avoid inconsistent results and maintain judicial economy. Abdullatif's alter ego allegations raise fundamental questions about Choudhri's net worth, liabilities and the proper ownership of Choudhri's property, which are the fundamental issues in the State Court Actions.

20. Abdullatif availed himself of the Bankruptcy Court's jurisdiction and authority and should not be permitted "whipsaw" Choudari by claiming alter ego and reverse veil piercing on one hand and that debts are not properly Choudhri's to increase his net worth in the State Court Actions.

21. The removed proceedings sought to be transferred are related to another adversary proceeding, WCW Houston, LLC v. Texas REIT, LLC, et al, Adv Proc. No. 24-03136 and have common issues of alter ego and reverse veil piercing with that case which is being considered in the Western District – Austin Division in a few

---

[4] **Alter Ego (All Defendants).**

47.   Plaintiffs allege that the Choudhri Defendants are all alter egos of each other. The Choudhri Defendants have utilized their corporate fiction for an illegitimate purpose, meaning "actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory." TEX. BUS. ORG. CODE §§ 21.223(a)-(b). *SSP Partners v. Gladstrong Inv. (USA) Corp.*, 275 S.W.3d 444, 451-52 (Tex. 2007). Plaintiffs aver that various business entities, including the Choudhri Defendants, are alter egos of each other and being used to conceal assets and therefore are all liable for the full judgment amounts in Lawsuit 1, Lawsuit 2, and Lawsuit 3.

days. Public policy would compel consistent results of resolution of similar issues between similarly situated parties in the same bankruptcy court.

22. The Bankruptcy Debtor Texas REIT LLC is subject to claims of WCW Houston LLC and Dalia I LLC. Choudari owns Texas REIT LLC and Dalia I LLC. The outcome of the alter ego dispute raised by Abdullatif in the bankruptcy case could determine which creditor has priority as to the first and second liens making these adverse proceedings core proceedings to this Bankruptcy.

23. Choudhri is aware of an attempted August 8, 20234 Notice of Withdrawal of Claim (Claim Number: 9), the August 9 objection thereto (Doc. #222), the August 12, 2024 Motion for Expedited Hearing on Motion for Leave to Withdraw Claim No. 9 (Doc. 232) and the Notice of 9/12/24 Hearing on said Motion. Choudhri joins in said Objection.

WHEREFORE, Choudhri requests that the United States Bankruptcy Court for the Southern District of Texas deny or abstain from ruling on the motion to remand and grant Choudhri's motion to transfer this matter to the United States Bankruptcy Court for the Western District of Texas.

Dated August 1, 2024.

Respectfully submitted,

**/s/ Finis Cowan**
Texas Bar No. 04912100
One Greenway Plaza, Suite 100
Houston, Texas 77046
Telephone: 713-582-6066
Email: Finis@FinisCowan.com

9

Service: Service@TexasDebtDefense.com

## EXHIBIT LIST TO THIS RESPONSE AND MOTION

Exh. 1-2:   Osama Abdullatif's Proof of Claim (Doc. #9) (which incorporates by reference the following three exhibits.

Exh. 3:   Complaint incorporated in Exhs. 1-2 alleged alter ego, conspiracy, etc.

Exhs. 4-6:   Evidence of Choudhri's first knowing of Plaintiff's Proof of Claim and claim to the Bankruptcy Court's jurisdiction over Choudhri.

## CERTIFICATE OF CONFERENCE

### Certificate of Conference

I, Finis Cowan certify that on August 14, 2024 I called opposing counsel T. Michael Ballases, counsel for Plaintiffs, at (713) 977-8686 (who returned my message) and Jason S. Brookner, counsel for Intervenor at (713) 986-7000. I left messages with counsel for the purpose of my calls and as of the filing of this motion, I have not been able to communicate with them about this matter.
.

                                                */s/ Finis Cowan*
                                                Finis Cowan

## CERTIFICATE OF SERVICE

I certify that on August 21, 2024, I served the attached service list by PACER efiling.

                                                */s/ Finis Cowan*
                                                Finis Cowan